HALSELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-237-CV

ZACHARY HALSELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant seeks to appeal from a judgment involuntarily committing him to outpatient treatment as a sexually violent predator.  We dismiss for want of jurisdiction.

On June 30, 2004, the 410th Judicial District Court in Montgomery County, Texas signed a final nunc pro tunc judgment of commitment pursuant to section 841.082 of the Texas Health and Safety Code.  
See
 
Tex. Health & Safety Code Ann.
 § 841.082 (Vernon Supp. 2004-05).  On July 27, 2004, appellant filed a notice of appeal with the District Clerk of Tarrant County, Texas.  Appellant contends his notice of appeal was properly filed in Tarrant County because the trial court’s judgment ordered appellant to reside in Tarrant County and section 841.082(d) provides that,

Immediately after the case becomes final for purposes of appeal, 
the judge shall transfer jurisdiction of the case to a district court
, other than a family district court, 
having jurisdiction in the county in which the person is residing
, except that the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G. 

 

Tex. Health & Safety Code Ann.
 § 841.082(d) (emphasis added).  Tarrant County is in the Second Court of Appeals District; Montgomery County is in the Ninth Court of Appeals District.  
Tex. Gov’t Code Ann.
 § 22.201(c), (j) (Vernon 2004).

On July 26, 2004, appellant filed in the 410th District Court of Montgomery County a combined motion to transfer jurisdiction for appeal to Tarrant County and a request to transfer to Tarrant County the clerk’s and reporter’s records from the trial on the merits.  On August 6, 2004, the judge of the 410th District Court in Montgomery County denied appellant’s motion. 

Appellee has filed a motion to dismiss this appeal asserting this court never acquired jurisdiction because the judge of the 410th District Court of Montgomery County denied appellant’s motion to transfer jurisdiction; therefore, appellant’s notice of appeal that was filed in Tarrant County is ineffective to confer jurisdiction on this court.  Appellant has responded that because the trial court’s judgment requires appellant to reside in Tarrant County, and because transfer of this case to Tarrant County is mandated by statute, we should order a transfer of the records and jurisdiction to Tarrant County and retain the appeal on this court’s docket.  

An appeal is perfected when a written notice of appeal is filed with the trial court clerk.  
Tex. R. App. P.
 25.1.  The trial of this case was in Montgomery County but appellant’s notice of appeal was filed with the District Clerk of Tarrant County.  We agree with appellee that because jurisdiction of the case was never transferred to any Tarrant County district court, appellant could not confer jurisdiction on this court of appeals by filing his notice of appeal in Tarrant County. 

Appellant has also filed in this court an “Application For Interlocutory Appeal,” contending this is an appeal from a venue ruling of the Montgomery County District Court.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(8) (Vernon Supp. 2004-05) (providing that a party may appeal from an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit).  We shall treat appellant’s “application” as a motion and deny it because we do not have jurisdiction over an appeal from a Montgomery County trial court where the case was not transferred to a court located within a county over which the Second Court of Appeals has jurisdiction.  Accordingly, we grant appellee’s motion to dismiss and dismiss this appeal for want of jurisdiction.  
Tex. R. App. P.
 42.3(a), 43.2(f).

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  October 14, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.